# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DEMIZIO REMON HARPER,**
**# 45414,**

    **Plaintiff,**

vs.                                             Case No. 4:23cv131-MW-MAF

**COWETA COUNTY DETENTION**
**CENTER, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's in forma pauperis motion has not been reviewed because Plaintiff's complaint, ECF No. 1, demonstrates that this case was not properly filed in this Court.

Plaintiff is incarcerated or, more likely, is detained as a pretrial detainee at the Coweta County Detention Center. ECF No. 1 at 3. All

Defendants are officials located at the Detention Center, *id.* at 3-4, and the events about which Plaintiff complains in his complaint took place at the Detention Center as well.  The Detention Center is in Newnan, Georgia, *id.* at 3, which is within the jurisdiction of the Northern District of Georgia.  Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b)[1] and 28 U.S.C. § 90 is in the United States District Court for the Northern District of Georgia, Newnan Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue sua sponte.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue").

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this

---

[1] Venue is determined based on the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1)-(2).

Case No. 4:23cv131-MW-MAF

action to the United States District Court for the Northern District of Georgia, Newnan Division, for all further proceedings, including review of Plaintiff's in forma pauperis motion, ECF No. 2.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**